**In re John S. GOOD and Suzanne B. Good, Debtors.**

**Bankruptcy No. 92–30889.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 18, 1993.

Steven P. Beathard, London, OH, for debtors.

John P. Gustafson, Toledo, OH, for First Nat. Bank.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, OH.

Suzanne C. Mandross, Toledo, OH, trustee.

## OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION OF CHAPTER 12 PLAN

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the objection of the United States of America, on behalf of the Farmers Home Administration to confirmation of chapter 12 plan. Upon consideration of the record herein, the court finds that said objection is well taken and that Debtors' first amended chapter 12 plan should not be confirmed.

### FACTS

On March 9, 1992, Debtors filed a voluntary petition under chapter 12 of title 11. On June 18, 1992, Debtors filed their chapter 12 plan. Debtors' plan reflected that the United States of America, on behalf of Farmers Home Administration (FmHA) holds a claim for approximately $292,500, secured by a mortgage on 110.567 acres of farm land and a security interest in farm machinery and livestock. Chapter 12 Plan at 3 (June 18, 1992). The value of that tract, according to Debtors, is $110,000; thus, Debtors assert that FmHA is secured to the extent of that value, less a 10% reduction for cost of sale. *Id.* at 4. Debtors proposed to pay FmHA $99,900 over a 40 year amortized term with a fixed interest rate of 5%. *Id.* Objections to Debtors' plan were filed by FmHA, the chapter 12 trustee and First National Bank of Bellevue. The objections of the trustee and First National Bank of Bellevue have been resolved.

FmHA objected to Debtors' plan stating that it holds a mortgage on certain real estate, that it is owed $292,727.58, as of March 9, 1992, that the maximum amortization should be 30 years and that "hypothetical" liquidation costs should not be deducted. Objection to Confirmation of Chapter 12 Plan at 1–2 (Aug. 11, 1991). At the

August 26, 1992 confirmation hearing, the parties stipulated that Debtors should file an amended plan.

On September 28, 1992, Debtors filed a first amended plan, again proposing to reduce the value of the tract by 10% as a hypothetical cost of sale, repaying FmHA the sum of $99,000 over a 31 year term, at the rate of 5.25%. First Amended Chapter 12 Plan at 4 (Sept. 28, 1992). On October 28, 1992, Debtors filed a notice of correction of mathematical error with respect to the secured claim of FmHA stating that the value of the secured claim of FmHA is $88,300, reducing the value of the property by a 10% cost of sale and the value of the first mortgage to First National Bank of $16,700. FmHA filed an opposition to Debtors' notice of correction for the reasons set forth in its original objection to Debtors' plan.

A pretrial order was entered directing the parties to submit briefs in support of their positions. On December 29, 1992, the parties stipulated to the following facts:

1. That the United States is a secured creditor of the Debtors by virtue of the promissory notes, real estate mortgage, security agreements and financing statements attached to the proof of claim filed in this litigation by the United States.

2. That, as of March 9, 1992, Debtors are indebted to the United States in the sum of $292,727.58.

3. That the United States has a mortgage interest in the real property described in the real estate mortgage attached to the proof of claim filed herein by the United States.

Debtors, in their pretrial brief, set forth the computation of the value of the claim of FmHA as:

| | |
|---|---:|
| FMV of 110 acre tract | $110,000.00 |
| Less 10% cost of sale factor | 11,000.00 |
| Less 1st Mortgage | 16,700.00 |
| | $ 82,300.00 |

Pretrial Brief of Debtors at 2. Debtors continue to assert that the weight of authority supports the reduction of a secured claim by the costs of a hypothetical sale. *Id.* at 4.

FmHA, in its pretrial brief, states that "[t]he parties agree that the value of such real estate is approximately $110,000 and that Debtor[s] propose to retain such property." Pretrial Brief of FmHA at 1. However, FmHA asserts that "deducting hypothetical costs of sale when Debtor proposes to retain the collateral unfairly reduces the value of its collateral." *Id.* at 3. Rather, FmHA suggests that reduction is appropriate only if Debtor's plan contemplates sale of the property. *Id.*

## DISCUSSION

The issue before the court concerns the reduction of the claim of FmHA as a result of the hypothetical costs of sale. This issue is one of first impression for this court. The crux of the issue concerns analysis of 11 U.S.C. § 506(a) which provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.... Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Debtors cite several cases from the bankruptcy and district courts for the Southern District of Ohio, Eastern Division, in support of their position. *See* Debtors' Pretrial Brief at 3. In one of those cited cases, the court stated that:

> [t]he vast weight of authority, and the practice in this district, is to ascertain the extent of the creditor's interest by subtracting the cost of the hypothetical liquidation costs from the total value of the property.

*In re Overholt*, 125 B.R. 202, 215 (S.D.Ohio 1990) (citations omitted). While this court respects the analysis of those cases, it finds more persuasive the rationale and holding of two other cases.

In *In re Case*, 115 B.R. 666 (9th Cir. B.A.P.1990), decided five months before *Overholt*, the appellate panel reversed the

bankruptcy court's confirmation of Debtor's chapter 12 plan which valued the secured claim of FmHA by deducting the costs of foreclosure from the fair market value. *Id.* at 669. The *Case* court stated:

> The majority of chapter 12 cases that have determined the allowed amount of a creditor's secured claim when a Debtor retains the collateral have held that the proper standard for valuation determination is the fair market value, without deducting the costs of sale.... *In re Claeys*, 81 B.R. 985, 990–92 (Bankr. D.N.D.1987) on the other hand, held that when the Debtor proposes to retain the collateral, the costs of sale should be deducted from the fair market value of the property in order to arrive at the allowed amount of the creditor's secured claim.

*Id.* The *Case* court convincingly analyzed that the difference in these two reasonings concerns focus upon the first sentence of § 506(a) referring to the value of the creditor's interest in the property and the second sentence providing

> that the value of the creditor's interest in the property shall be determined in light of the purpose of the valuation and of the proposed disposition or use of the property.

*Id.* at 670. *See also Overholt*, 125 B.R. at 215 (The statute establishes a two-part inquiry to determine two separate issues. The second sentence requires that the court determine the value of the property itself. The first sentence directs the court to calculate the creditor's share of that value once it has been established.). After reviewing the legislative history of § 506(a), the *Case* court opined that the *Claeys* court misinterpreted § 506(a). *Id.* In concluding that the sale costs should not be deducted from the value of the secured claim of FmHA, the *Case* court stated:

> [i]f we were attempting to value FmHA's interest in the property for adequate protection purposes, the possibility of forced liquidation would be assumed and a deduction for selling costs would be logical. However, we conclude that for the purposes of § 1225(a)(5)(B)(ii) valuation, when the Debtor plans to retain the property, selling costs should not be deducted from the fair market value of the property when valuing the creditor's interest in the property.

*Id.*

This court concurs with *Case*. The objection before the court is to confirmation of Debtors' first amended plan; the issue is not FmHA's liquidation or foreclosure of the property, nor has FmHA requested relief from stay in order to pursue this remedy. As a result, this court finds that FmHA is entitled to the fair market value of the property, without reduction for costs associated with a hypothetical sale.

Further support for this court's holding is reflected in *In re Balbus*, 933 F.2d 246 (4th Cir.1991). Although Debtor in *Balbus* filed a chapter 13 petition, the issue concerned deducting the hypothetical costs of sale from the fair market value of Debtor's real property, in determining Debtor's eligibility for chapter 13. The fourth circuit, considered § 506, its legislative history and case law, including bankruptcy cases from the Southern District of Ohio, and determined that the district court properly refused to deduct the hypothetical costs of sale from the value of the property. *Id.* at 252. Specifically, the *Balbus* court stated:

> [w]hile the Southern District of Ohio and other bankruptcy courts determined that hypothetical costs of sale should be deducted, "a growing number of courts have rejected this line of reasoning, and have refused to deduct the sale costs in rendering a § 506 calculation unless the Debtor's plan contemplates selling the property on the open market."

*Id.* at 249–50. *See also Lomas Mortg. USA v. Wiese*, 980 F.2d 1279 (9th Cir.1992) (we adopt the view of the fourth circuit in *Balbus* that "the better view is that the secured creditor's interest may be valued for § 506(a) purposes without superimposing a foreclosure or other sale of the collateral where a disposition of the property is not reasonably in the offing"); *In re Coker*, 973 F.2d 258 (4th Cir.1992) (we have held that the hypothetical costs should not

448

be deducted and believe that *Balbus* controls our decision).

Again, this court finds that the hypothetical costs of sale should not be deducted from the value of FmHA's claim. Debtors intend to use the property in their farming operations, using proceeds derived therefrom for plan payments. Deduction for hypothetical sale costs is not appropriate. In light of the foregoing, it is therefore

ORDERED that the objection of the United States of America, on behalf of the Farmers Home Administration to confirmation of chapter 12 plan be, and hereby is, sustained. It is further

ORDERED that a stipulated entry consenting to confirmation of Debtors' first amended plan, in accordance with this opinion and order, be submitted by Debtors and the United States of America, on behalf of the Farmers Home Administration, on or before March 5, 1993, or consenting to conversion of Debtors' case to a case under chapter 7 of title 11 on or before March 5, 1993; failure to provide a stipulated entry will result in dismissal of Debtors' chapter 12 case without further notice or hearing.